No. 1793.—W. W. KING v. Mrs. MARY CRESSAP and her Husband.

A party who, having taken charge of another's furniture and dwelling house in New Orleans, under an agreement with the owner, in the year 1862, shortly after the city was captured by the military forces of the United States, must be viewed as a depositary, and is such is responsible for the return of the goods when demanded by the owner. In a case like this, the depositary can not urge the disloyalty of the owner in bar of his right to recover. Nor does the law require that a citizen of the United States, who made a deposit of his goods and effects with another, shall, before bringing suit, exhibit evidence of his loyalty.
The question of loyalty is one that an agent or depositary can not plead against his principal.
A the lessor of a house and premises, made an agreement vente a remere with B, the lessee, for his household goods and effects. A afterwards collected the rent due from the lessee, and gave a receipt therefor. Held—That A, the lessor, by giving the receipt and receiving the rent acknowledged the simulated character of the sale, and when demand of restitution of the goods and furniture was made by the owner, the lessor was precluded by such acknowledgment from urging the vente a remere in bar of the right to recover.
A suit for the recovery of goods on deopsit, or their value, is in time if brought within one year from demand for restitution.

APPEAL from the Third District Court of New Orleans. *Fellowes*, J. *W. A. Elmore*, for plaintiff and appellee. *E. Howard McCaleb*, for defendant and appellant.

WYLY, J. The defendants are sued for the value of furniture and household effects left on deposit with them by the plaintiff, on the eighth of October, 1862, in the dwelling house previously occupied by

the plaintiff, on Third street, between Chestnut and Coliseum streets, New Orleans, which was owned by the defendant, Mary Cressap, as her paraphernal property, and administered by her separately from her husband. The plaintiff alleges that the said Mary Cressap promised to preserve and return the said property to him when he again returned to this city, and the said H. B. Cressap, her husband, also promised that the things should be faithfully returned. He alleges that the dwelling house occupied by him, under a lease, was the individual property of the said Mrs. Cressap, and all the acts of her said husband in relation thereto were as agent for his wife. That prior to the institution of this suit he demanded the return of his said property, but she and her husband refused to return the same to him.

The petitioner, also, alleges that prior to his departure from New Orleans, to wit: about the eighteenth of September, 1862, in order to protect his furniture and other household effects from danger, apprehended on account of his absence, he made a simulated *vente à réméré*, or sale with the right of redemption, of a portion of said furniture to the said H. B. Cressap; that this sale was well understood by the said Cressap and his wife to be a simulation, made merely to protect his property from improper seizure or disturbance during his absence. That the alleged consideration, to wit: the sum of five hundred and forty dollars, the amount of rent alleged to be due by him, was partially fictitious. That said parties, well knowing the simulation, so treated it by their subsequent acts. That disregarding the *vente à réméré*, and being in want of money, the said H. B. Cressap collected from the wife of the petitioner, who remained in possession of the property till the eighth of October, 1862, a sum for the rent due, to wit: one hundred and ninety-five dollars, as appears by his receipt filed with the petition; that by this receipt of money the simulation was acknowledged and the sale annulled.

The petitioner alleges that when his family left the house on the eighth of October, 1862, the said Mrs. Cressap herself took possession thereof, and also of the furniture and other household effects belonging to him left therein; and that she continued to administer upon said house and said effects in her own name and for her separate benefit.

In bar of recovery on this demand the said H. B. Cressap and his wife, Mary Cressap, both appeared and excepted thereto on the grounds—

1. That said King is without capacity to proceed in court without showing proof of his renewal of allegiance to the United States;

2. That the petition sets forth no cause of action;

3. That said petition bases plaintiff's demand on *acts of simulation*, an infringement of public policy, good order, etc.

The exception was overruled by the court, and the defendants

severed in their answers. The court gave judgment dismissing the demand of plaintiff so far as H. B. Cressap is concerned, on the ground that his connection with the matter was merely that of agent for his wife; and gave judgment against her in favor of the plaintiff for three thousand dollars, with interest from judicial demand, the value of the property, estimated by the judge from the evidence adduced on the trial. From that judgment H. B. Cressap has not appealed. His wife, Mary Cressap, has appealed.

Our attention is directed to the bill of exceptions taken by the defendants to the ruling of the court setting aside the exceptions of the defendants on the grounds—

1. That King had no right to proceed in court until he showed proof that he had renewed his allegiance to the United States;

2. That there is no cause of action;

3. That the petitioner bases plaintiff's demand on acts of simulation, etc.

We know of no law requiring a citizen to exhibit proof that he has taken the oath of allegiance before he can institute a suit.

We think the petitioner clearly sets forth a cause of action. We do not think the petition bases plaintiff's demand upon an act of simulation, although the act was referred to.

We think the action is clearly that of a depositor against the party receiving the deposit. The court did not err in refusing to dismiss the demand; there is no merit in the bill of exceptions.

As the defendant, H. B. Cressap, did not appeal, we will not consider the defenses urged by him, nor the evidence introduced in support of his averments. We think the receipt of the eighth of October, 1862, and the judicial admissions contained in the exception filed by the defendants, to wit: the averment of simulated acts, etc., clearly estop them from claiming the reality of the *vente à réméré* of the eighteenth of September, 1862. Indeed, the defendant, Mrs. Mary Cressap, has never urged its validity or that she held the furniture thereunder. That act was never consummated by delivery; the wife of the plaintiff continuing in the possession of the property until she paid the rent, evidenced by the receipt of the eighth of October, 1862, which was a clear acknowledgment of the nullity of the sale. There can be no doubt that the property was left on deposit on the eighth of October, 1862, and it was not delivered in pursuance of the simulated act referred to.

The argument of King's disloyalty, urged with so much zeal by the counsel for the appellant, can not avail him. When the deposit was made, both King and the defendants were citizens of this city. How his disloyalty on the one hand, and their assumed loyalty on the other, can operate a divestiture of his property in their favor, we can not com-

prehend. Indeed, this branch of the argument is unworthy of serious consideration.

The question is, was the furniture of the plaintiff deposited with the defendant, Mrs. Mary Cressap, on the eighth of October, 1862? It was certainly left in the house which she owned and administered separately from her husband, she being separate in property from him, according to her own evidence. And it is equally certain that she took possession of the property after it had been left there by Mrs. King.

We are of the opinion that she has incurred the obligation of a depositary, if not by a contract, at least by a quasi contract. If she was not authorized by her husband to make the contract, she certainly became liable for the property left in her charge by a quasi contract, without his authorization. 2 An. 2, and the authorities there cited.

The district judge carefully reviewed the evidence, as appears in his written opinion in the record, and we are of opinion that he arrived at a correct conclusion.

The plea of prescription can not prevail, the suit having been brought by plaintiff within one year from the demand for the restitution of his property.

The other defenses urged are not of a serious character.

It is, therefore, ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused.